## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANGELIC POTTS, individually and on behalf of all
others similarly situated, *et al.,*

          Plaintiffs,

v.

4LIFE RESEARCH LLC, *et al.*,

          Defendants.

Case No. 24-CV-1205-EFM-TJJ

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Stay Proceedings (ECF No. 41) ("Motion") filed by Defendants 4Life Research LLC ("4Life"), David Lisonbee ("Mr. Lisonbee"), and the Estate of Bianca Lisonbee (collectively, the "4Life Defendants"). The 4Life Defendants ask the Court to stay the proceedings and all related discovery in the case until their  motion to dismiss (ECF No. 30) has been fully adjudicated. Plaintiffs oppose the Motion. For the reasons explained below, the Court will grant the Motion.

### I.    Plaintiffs' Allegations[1]

Plaintiffs allege Defendant Michael Akins ("Akins") psychologically manipulated Plaintiffs to provide him with unpaid labor and services. They claim the 4Life Defendants used and benefited from sales of nutritional supplements by Akins and his business entity, Professional Networkers, despite troubling and readily apparent signs that Akins trafficked and forced Plaintiffs and others into helping his 4Life business under threats of serious harm.

---

[1] The allegations set out in this section were gleaned from Plaintiffs' First Amended Complaint (ECF No. 7) and Plaintiffs' Response (ECF No. 46) to the instant Motion to Stay Proceedings (ECF No. 41).

Allegations in the First Amended Complaint ("FAC") span more than 30 years, beginning in the late 1990s when Mr. Lisonbee and his then-wife Bianca Lisonbee (Mrs. Lisonbee)  (jointly, "the Lisonbees") first met Akins. At that time, Plaintiffs Bettina Cassell and Angelic Potts claim they were ensnared in Akins's web. Bettina allegedly told Mrs. Lisonbee that she was in a cult and that Akins forced her to have sex with him. Also during that time, Plaintiff Jason Gray allegedly met Akins and in 2005 began working for Professional Networkers supporting Akins's 4Life business. Plaintiff Wendy Gray allegedly found herself trapped by Akins in the early 2000s and shortly after that started helping Akins in his 4Life business. Plaintiffs Jessica Roberts and minor J.P. first encountered Akins in 2019.

The 109-page FAC raises numerous claims against Akins—all allegedly revolving around his exploitative behavior towards Plaintiffs. Additionally, the FAC alleges two general categories of claims against the 4Life Defendants: (1) benefiter liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the Kansas law for Victims of Human Trafficking; and (2) Kansas tort claims for negligent supervision and negligent retention. Both categories of claims focus on the 4Life Defendants' actions allegedly supporting and benefiting from Akins and Professional Networkers' misadventures, even though a reasonable person would have cut ties with Akins upon the first sign of his illicit behavior.

The 4Life Defendants deny all of the allegations against them. In response to the FAC, the 4Life Defendants filed their Motion to Dismiss, and subsequent to that, the instant Motion to Stay Proceedings.[2]

## II.    Applicable Law

---

[2] 4Life Defs.' Mot. to Stay Proceedings, ECF No. 41.

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[3] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5] A stay is not favored because it can delay the timely resolution of a matter.[6] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[7]

There are, however, recognized exceptions to this general rule.[8] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[9] If any one of these

---

[3] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[4] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[6] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[7] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[8] *Id.*; *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[9] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

factors is present, a stay may be appropriate.[10] The party seeking the stay of discovery bears the burden of clearly showing a compelling reason for issuance of a stay.[11]

### III.    Legal Analysis

The Plaintiffs have asserted many and varied claims against multiple Defendants, as laid out in their 109-page FAC. The factual allegations contained in the FAC span more than 30 years. The 4Life Defendants have moved to dismiss the claims against them on multiple grounds, including: (1) this Court lacks personal jurisdiction over the Lisonbees; (2) all claims brought by Plaintiffs Potts and Cassell are barred by the applicable statute of limitations; (3) all of Plaintiffs' state law claims for negligent retention and negligent supervision are barred by the applicable statute of limitations; and (4) Plaintiffs' remaining claims under the TVPRA and Kansas Human Trafficking statues fail to state a claim as explained in their motion to dismiss.[12]

The Court finds, under the circumstances presented here, a stay is appropriate and necessary because discovery at this stage of the proceedings on all of the many issues posed by the FAC would be wasteful and burdensome. The Court agrees with the 4Life Defendants that "[Their] Motion to Dismiss asks the Court to determine the appropriate universe of parties and causes of action that can be properly adjudicated in this case. [And] before the parties engage in wide-ranging discovery, it is critical to know which, if any, of the 4Life Defendants will remain in the case, and which, if any, causes of action they will face."[13]

Most notably, the 4Life Defendants assert the court lacks personal jurisdiction over the Lisonbees. It would be wasteful and unduly burdensome to subject the Lisonbees to the extensive

---

[10] *Wolf*, 157 F.R.D. at 495.

[11] *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016).

[12] *See* 4Life Defs.' Mot. to Stay Proceedings, ECF No. 41, p. 6.

[13] *Id.* at p. 4.

discovery that is likely in this case, if this court lacks personal jurisdiction over them.[14] The better course is for the Court to stay discovery pending determination of that issue as part of the pending motion to dismiss. Additionally, not surprisingly given Plaintiffs' allegations against the various Defendants date back more than 30 years, the 4Life Defendants have asserted statutes of limitations defenses which, if successful, could result in the dismissal of some or all of Plaintiffs' claims. And then there is the 4Life Defendants argument that Plaintiffs fail to state a claim and fail to adequately plead their claims under the TVPRA and Kansas Human Trafficking statues. While the determination of that issue will be made by the District Judge and this Court will not go down that path, it is obvious that it would be wasteful and burdensome to subject the parties to the extensive discovery likely in this case without awaiting a ruling on the pending motion to dismiss, which might impact the number of Defendants that remain in the proceeding and the scope of the claims asserted against them. Because the Court finds that a stay of this case is necessary and appropriate in that discovery at this time on all issues posed by the FAC would be wasteful and burdensome, it need not address the other potential reasons to stay the case.

**IT IS THEREFORE ORDERED** that the 4Life Defendants' Motion to Stay Proceedings (ECF No. 41) is GRANTED.

**IT IS FURTHER ORDERED** the parties shall contact the undersigned within seven (7) days of the District Judge's ruling on the 4Life Defendants' Motion to Dismiss to schedule a status conference.

**IT IS SO ORDERED.**

---

[14] *See Playup, Inc. v. Mintas*, No. 221CV02129GMNNJK, 2023 WL 5955784, at *1 (D. Nev. Sept. 13, 2023) ("Although it does not mandate imposition of a stay of discovery, the pendency of a personal jurisdiction challenge strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved.").

Dated August 13, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge