**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANGELIC POTTS, et al.,                              )
                                                   )
                          Plaintiffs,              )
                                                   )
vs.                                                )
                                                   )   Case No. 24-1205-EFM-JBW
                                                   )
4LIFE RESEARCH LLC, et al.,                        )
                                                   )
                          Defendants.              )

**MEMORANDUM AND ORDER**

Before the Court is the parties' Joint Motion to Enter Protective Order (Dkt. 112). The parties request the entry of a Protective Order but disagree on the language to be included in five sections of the proposed Protective Order. Attached to the parties' proposed Protective Order as Exhibit A (Dkt. 112-1), Plaintiffs and Defendant 4Life Research LLC ("4Life") set forth their proposals and rationale for the inclusion of the disputed language.[1] The Court takes up the disputed sections of the proposed Protective Order below.

## I. Categories of Confidential Information

The parties disagree as to what types of information should be included in the categories of protected information covered by the Protective Order. The parties generally agree Plaintiffs' bank and financial account statements, personal tax records, and Plaintiffs' medical and mental health records should be included in the categories of confidential information.

---

[1] The Court notes that the briefing does not include the position of *pro se* Defendant Michael Akins on any of the issues outlined in the joint motion, and Defendant Akins did not file a timely response to the motion. No counsel has entered an appearance for Defendant Professional Networkers in this matter, and no response to the joint motion was filed on its behalf. The Court therefore assumes Defendant Akins and Defendant Professional Networkers take no position as to the issues set forth in the joint motion. *See* D. Kan. Local Rule 7.1(c).

The parties disagree as to the scope of the protections afforded to 4Life's business records. 4Life proposes "corporate and financial records that may include trade secrets or confidential information about affiliate, customers" be a category of protected information. Plaintiffs suggest the category of protected information be limited to "4Life's trade secrets or confidential information about affiliates, customers." The Court adopts Plaintiffs' language as to this disputed provision of the proposed Protective Order and agrees the category should be limited to "4Life's trade secrets or confidential information about affiliates, customers."  4Life's expanded language including "corporate and financial records" as a category of protected information is vague and overly broad.[2]

The parties also disagree as to 4Life's proposed inclusion of "documents containing untested allegations about third parties that may be rumor or hearsay but would be embarrassing or harmful if made public, including unverified allegations relating to third parties alleged to have been subject to child sexual abuse or to be perpetrators or participants in child sexual abuse" as a category of confidential information. Plaintiffs object to the inclusion of the category, claiming the information is directly relevant to their claims and "Defendant cannot surreptitiously hide documents that might describe sexual abuse . . . ." 4Life states the category does not apply to parties to this litigation and is not included to protect any perpetrators of sexual offenses, but to protect third-party victims of abuse.

The Court agrees with 4Life that the names of third-party victims of abuse are appropriate for designation as Confidential Information. However, as worded, Plaintiffs' proposed category is overbroad and unnecessarily includes alleged perpetrators of child sexual abuse. The Court will

---

[2] Guidelines for Protective Orders for the District of Kansas, https://www.ksd.uscourts.gov/district-kansas-guidelines, p. 2 ("Language such as . . . 'this protective order shall apply to all business records' is too vague and overbroad.").

include a category in the Protective Order for documents containing names of third-parties alleged to have been subject to child sexual abuse.  The Court notes that the proposed Protective Order protects documents from disclosure outside this litigation.[3] Under Section 8 of the proposed Protective Order, if Plaintiffs believe a document has been inappropriately designated as confidential, they may challenge such designation.

## II. Definitions of Confidential Information

The parties disagree concerning the scope of 4Life's business records that should be included in the definitions of confidential information under the Protective Order. Plaintiffs propose the definition should be limited to trade secrets as defined by K.S.A. 60-3320(4). 4Life proposes a much broader definition, to include: (1) nonpublic documents regarding the operations of Defendant 4Life's direct sales business, including without limitation nonpublic financial data and tax filings, maps and data describing the legs of 4Life's downline affiliates, affiliate contact information, affiliate historical production values, financial transactions with affiliates, and sensitive nonpublic information provided to 4Life by affiliates; (2) documents reflecting payment transactions, review of payment transactions, and accounting; (3) documents reflecting methodology used and allegations considered in internal investigations; (4) contracts, agreements, or conveyances where the parties thereto agreed to confidentiality of the terms, including settlement agreements; and (5) internal company communications that discuss the above categories of information. The Court finds that 4Life's proposed language generally conforms with the District of Kansas's form Protective Order[4] and that trade secrets are just one category of

---

[3] *Steede v. Levy*, No. 25-CV-2136-DDC-TJJ, 2025 WL 1927722, at *2 (D. Kan. July 14, 2025).

[4] Form Protective Order for the District of Kansas, p. 4 ("The parties must identify the specific and narrow categories of information they seek to protect, such as medical records, personnel files, tax returns, financial statements and records, proprietary business records, trade secrets, records whose disclosure is restricted or prohibited by statute, etc.").

potentially protected information, so Plaintiffs' proposal is too narrow. However, the Court will strike 4Life's inclusion of the phrase "**nonpublic documents regarding the operations of Defendant 4Life's direct sales business, including without limitation**" from sub-paragraph one. The Court finds such language to be overly broad and not narrowly tailored.[5] The Court will also strike sub-paragraph three ("**documents reflecting methodology used and allegations considered in internal investigations**") as overly broad and not narrowly tailored.

### III.   Sexual Abuse Allegations as Confidential

4Life also seeks to designate "[r]ecords containing unadjudicated allegations of child sexual abuse or similarly serious allegations of wrongdoing involving third parties including identification of alleged victims and/or alleged perpetrators or participants" as a category of confidential information. As discussed above, this category is overbroad and not narrowly tailored to protect the identity of alleged victims of child sexual abuse. The Court will include a category in paragraph 2 for documents containing names of third-parties alleged to have been subject to child sexual abuse.

### IV. Confidential Information Subpoenaed or Ordered Produced in Other Litigation

The parties disagree regarding how "immediately" a subpoenaed party should have to notify the designating party that they have received a subpoena that requests confidential information. Plaintiffs argue the subpoenaed party must notify the designating party "immediately," subject to a case-by-case analysis, as the subpoenaed party may not realize a subpoena requests confidential information upon receipt. 4Life also proposes notification "immediately," but proposes a three-business day deadline for the subpoenaed party to notify the designating party that they have received a subpoena requesting confidential information. The

---

[5] Guidelines for Protective Orders for the District of Kansas, p. 2 ("Language such as . . . 'this protective order shall apply to all business records' is too vague and overbroad.").

Court adopts 4Life's proposed language, which is also the language from the Court's form protective order, and imposes a three-business day deadline for a subpoenaed party to notify the designating party that they have received a subpoena requesting confidential information.[6] The Court finds Plaintiffs' proposal of requiring "immediate" notification without any time parameters to be vague and unworkable.

### V. Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product

Finally, the parties disagree on what language should be included in the clawback provision of the protective order contained in Section 18. Plaintiffs suggest the Protective Order contain language that the receiving party of an inadvertent disclosure of confidential information "must **sequester** or return the information or documents to the producing party within seven (7) days" (emphasis added). 4Life objects to the addition of the word "sequester," and asks the Court to adopt the form protective order language that parties "must return the information or documents to the producing party within seven (7) days". Plaintiffs argue they want the right to sequester documents instead of immediately destroying them "so that they may assess the document to determine whether or not they will challenge the designation." 4Life responds that this defeats the purpose of a clawback provision, which is to protect against accidental disclosure of privileged information.

The Court agrees with 4Life and declines to include the word "sequester" in the clawback provision. Plaintiffs fail to provide a compelling reason for the inclusion of a right to sequester inadvertently disclosed privileged documents—essentially allowing them to spend more time with the inadvertently disclosed privileged documents while weighing their options. The point of clawback provisions is to "reduce the time and costs attendant to document-by-document review

---

[6] Form Protective Order for the District of Kansas, p. 11.

. . . with the express goal of eliminating disputes regarding inadvertent disclosure of privileged documents which would disrupt the discovery process and cause the attorneys in this case to expend significant resources and time arguing about what steps were taken to prevent disclosure and to rectify the error."[7] Adding a sequestration provision would tend to defeat that purpose.

**IT IS THEREFORE ORDERED** that the Parties' Joint Motion to Enter Protective Order (Dkt. 112) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that the parties are to resubmit their proposed Protective Order with the rulings made in this Memorandum and Order incorporated therein and email a Word copy to the undersigned Magistrate Judge's chambers within five (5) days of this Order.

**IT IS SO ORDERED.**

Dated April 23, 2026, at Kansas City, Kansas.

_____

Jennifer B. Wieland
U. S. Magistrate Judge

---

[7] *See Rajala v. McGuire Woods, LLP*, No. CIV.A. 08-2638-CM, 2013 WL 50200, at *5 (D. Kan. Jan. 3, 2013).